# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDIE HERMOSILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE CENTER COMMUNITY COLLEGE DISTRICT, a Public Entity; MICHAEL WHITE, an Individual; and DOES 1-100,<br><br>    Defendants. | CASE NO. 1:15-CV-219 SMS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. 3) |

Plaintiff, proceeding in pro se, brings this case against Defendants State Center Community College District (the "District) and Michael White ("Mr. White") for discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA") (29 U.S.C. §§ 621 *et seq*.) and the California Fair Employment and Housing Act ("FEHA") (Cal. Gov. Code §§12900 *et seq*.), harassment under FEHA, and negligent infliction of emotional distress. Defendants move to dismiss Plaintiff's FEHA retaliation claim as alleged against Mr. White because he is not a proper party and to dismiss Plaintiff's state tort claims for failure to comply with procedural requirements.

**I.    The Legal Standard**

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  "Such a statement must simply

give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (*quoting Twombly*, 550 U.S. at 556). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*).

Pro se pleadings are construed liberally. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be granted leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (*citations omitted*). However, a court may deny leave to amend due to futility or legal insufficiency if the amendment would fail a motion to dismiss under Rule 12(b)(6). *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

**II.     Individual Liability**

Plaintiff's brings her third cause of action for retaliation under FEHA and the ADEA against the District and Mr. White. Plaintiff alleges that Mr. White was employed by the District, and was her immediate supervisor during some of the relevant period of time. Defendant argues that Mr. White, as an individual, cannot be liable for retaliation under FEHA. The Court agrees,

2

and further finds that individuals also are not liable for discrimination under FEHA, nor are individuals liable under the ADEA. Plaintiff's first cause of action for discrimination under FEHA and the ADEA and third cause of action for retaliation under FEHA and the ADEA will be dismissed as alleged against Mr. White.

A.  Individual Liability Under FEHA

In the past, the Ninth Circuit allowed supervisors to be held liable for FEHA retaliation. *See e.g.*, *Winarto v. Toshiba Am. Elecs. Components, Inc*., 274 F.3d 1276, 1288 (9th Cir. 2001). However, more recently, the California Supreme Court has held that nonemployer individuals are not personally liable under FEHA for their role in an employer's retaliation. *Jones v. Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1158, 1173 (2008). Although dissenting justices argued that the plain language of the statue "unambiguously imposes individual liability on any 'person' who retaliates," (*Jones* at 1175, Moreno, J., dissenting), the holding in *Jones* has been confirmed by the California Supreme Court (*Miklosy v. Regents of Univ. of California*, 44 Cal. 4th 876, 901 (2008)), and is followed by the California District Courts as well as the Ninth Circuit (*E.g.*, *Mayfield v. County of Merced*, 2014 U.S. Dist. LEXIS 158671 (E.D. Cal. Nov. 10, 2014); *Gorom v. Old Dominion Freight Line Inc*., 2013 U.S. Dist. LEXIS 10039, *8 (C.D. Cal. Jan. 17, 2013); *Morrow v. City of Oakland*, 2012 U.S. Dist. LEXIS 81318, *55 (N.D. Cal. June 12, 2012); *Lavery-Petrash v. Sierra Nev. Mem. Hosp.*, 2012 U.S. Dist. LEXIS 41155, *9 (E.D. Cal. Mar. 26, 2012); *Davis v. Prison Health Servs*., 2011 U.S. Dist. LEXIS 85313, *11-12 (N.D. Cal. Aug. 3, 2011); *and see Grosz v. Lassen Cmty. College Dis*t., 360 Fed. Appx. 795, 797 (9th Cir. 2009)).

The California Supreme Court explained:

> [I]n a retaliation case, it is the *employer's adverse employment action* that constitutes the substance of the tort, and the supervisor's action merges with that of the employer. We could hold that the supervisor commits an independent tort only if the supervisor's action were somehow by itself injurious, irrespective of the adverse employment action it causes the employer to take, but that is not alleged here.

*Miklosy*, 44 Cal. 4th at 901, note 8 (emphasis in original).

As a nonemployer individual, Mr. White cannot be liable for retaliation under FEHA. Plaintiff's allegations against Mr. White are entirely within the employment context. For example, Plaintiff alleges that Mr. White, as her immediate supervisor, reduced her hours, reassigned her

1  office and teaching assignments, and directed others to clear her work desk without notice. Doc. 1,
2  Attachment A, Plaintiff's Compl. at ¶ 34. These allegedly adverse employment actions are the
3  substance of Plaintiff's claim and Mr. White's conduct merges with the District's. Therefore,
4  Plaintiff's FEHA retaliation claim against Mr. White fails as a matter of law.

5  Further, an individual supervisor cannot be held personally liable for discrimination under
6  FEHA. *Reno v. Baird*, 18 Cal. 4th 640, 644 (1998)("individuals who do not themselves qualify as
7  employers may not be sued under the FEHA for alleged discriminatory acts."); *Janken v. GM*
8  *Hughes Elecs.*, 46 Cal. App. 4th 55, 62 (1996). However, an individual supervisor may be held
9  personally liable for harassment under FEHA "if the offending actions go beyond the necessities
10 of executing employer polices." *Asurmendi v. Tyco Elecs. Corp.*, 2009 U.S. Dist. LEXIS 22978,
11 *10 (N.D. Cal. Mar. 11, 2009). Therefore, Plaintiff's FEHA discrimination claim against Mr.
12 White also fails as a matter of law. Plaintiff's FEHA harassment claim against the District and Mr.
13 White will proceed at this stage.

14     B.   Individual Liability Under the ADEA

15 Plaintiff's discrimination and retaliation claims brought under the ADEA against Mr.
16 White also fail as a matter of law. There is no individual liability under the ADEA. *Miller v.*
17 *Maxwell's Int'l, Inc*., 991 F.2d 583, 587-88 (9th Cir. 1993). Therefore, Plaintiff cannot maintain
18 her first and third causes of action against Mr. White.

19 "A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6)," and may do
20 so without notice "where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*,
21 813 F.2d 986, 991 (9th Cir. 1987). Plaintiff cannot maintain a discrimination or retaliation claim
22 under FEHA or the ADEA as a matter of law; hence, Plaintiff's first and third causes of action will
23 be dismissed as to Mr. White without leave to amend. They will remain as alleged against the
24 District.

25     III.   California Tort Claims Act

26 Plaintiff's fourth cause of action is for negligent infliction of emotional distress ("NIED"),
27 a tort under California law, against the District. Her fifth cause of action is for NIED against Mr.
28 White. Defendant argues that these claims must be dismissed for failure to comply with the

requirements of the California Tort Claims Act ("CTCA") (Cal. Gov. Code §§ 810 *et seq.*). Plaintiff did not allege compliance with the CTCA requirements in her complaint and did not address Defendants' motion on her fourth and fifth causes of action in her opposition.

The CTCA sets forth the procedure by which an individual can allege tort claims against state and local governments. It states that no person may sue a public entity or public employee for money or damages unless a timely written claim has been presented to and denied by the public entity. Cal. Gov. Code § 945.4. The individual must file his claim in accordance with the statutory provisions within six months of the accrual of the action. Cal. Gov. Code § 911.2(a). If the board denies the claim, the individual may appeal the claim within six months of the date on which the denial was personally delivered or deposited in the mail to the individual. Cal. Gov. Code §§ 913(b); 945.6.

Furthermore, a state law claim against a state employee may only be brought against the state employee or the employing governmental entity if an administrative claim is first presented to the governmental entity that will be required to indemnify the employee if the employee is found liable. *People ex rel. Harris v. Rizzo*, 214 Cal. App. 4th 921, 939 (2013)("a claim against a public employee or former public employee for injuries resulting from acts or omissions in the course of his or her employment must be presented if a claim against the employing entity for the same injury must be presented."); *County of Los Angeles v. Superior Court*, 127 Cal. App. 4th 1263, 1267 (2005).

Here, Plaintiff's NIED claims rest upon Defendants' alleged discriminatory, harassing, and retaliatory actions. All allegations against Mr. White arise out of actions he took within the course of his employment with the District. Accordingly, the notice requirement of the CTCA applies to both Plaintiff's fourth and fifth causes of action. Plaintiff has not alleged or addressed CTCA compliance, but the Court is not certain that she is unable to do so. Hence, Plaintiffs fourth and fifth causes of action will be dismissed with leave to amend *only* to plead facts demonstrating compliance with the CTCA. At this time, if Plaintiff wishes to file an amended complaint, no new claims may be added. She is not required to file an amended complaint.

\\\

\\\

\\\

### IV. Order

Accordingly, Defendants' motion to dismiss portions of the complaint is GRANTED. It is hereby ordered as follows:

(1) Plaintiff's first cause of action is dismissed as alleged against Michael White without leave to amend;

(2) Plaintiff's third cause of action is dismissed as alleged against Michael White without leave to amend;

(3) Plaintiff's fourth and fifth causes of action are dismissed with leave to amend facts demonstrating compliance with the CTCA; and

(4) Plaintiff may file an amended complaint in accordance with this order within thirty (30) days of entry of this order. If Plaintiff does not file an amended complaint within thirty (30) days of entry of this order, this case will proceed on Plaintiff's first and third causes of action only against State Center Community College District, and on Plaintiff's second cause of action as pled.

IT IS SO ORDERED.

Dated:   **April 1, 2015**                              **/s/ Sandra M. Snyder**
                                                                UNITED STATES MAGISTRATE JUDGE